UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE HEFLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendants. | Case No. 1:22-cv-01630-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 13, 16). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

Plaintiff argues that (1) the ALJ's decision is not supported by substantial evidence in light of new evidence submitted to the Appeals Council regarding Plaintiff's spinal/back impairments, (ECF No. 13, pp. 9-11; ECF No. 17, pp. 2-3); and (2) the ALJ failed include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations,

and failed to offer any reason to reject Plaintiff's subjective complaints, (ECF No. 13, pp. 11-13).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

## I. ANALYSIS

The parties agree that the Appeals Council considered a new medical opinion in denying Plaintiff's request for review of the ALJ's decision and made the evidence part of the administrative record. (ECF No. 13, p. 10; ECF No. 16, p. 7). The parties also agree that the Court must consider this new medical opinion when reviewing the ALJ's decision for substantial evidence. (ECF No. 13, pp. 9-10; ECF No. 16, p. 7) (each citing *Brewes v. Commissioner of Social Sec. Admin.* 682 F.3d 1157 (9th Cir. 2012)). In *Brewes*, the Ninth Circuit held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." 682 F.3d 1157 at 1163. Accordingly, the Court will determine whether substantial evidence supports the ALJ's decision that Plaintiff is not disabled in light of the new evidence.

The new evidence is a physical residual functional capacity questionnaire signed by Dr. Reina and Nurse Practitioner Skokan, which states that Plaintiff has been diagnosed with "[d]egenerative disc disease L3-L5; [illegible] disc herniation; neural foramen impingement, chronic fatigue" and that her prognosis is "poor." (A.R. 12). The questionnaire describes Plaintiff's symptoms as "chronic pain, fatigue, spine pain, radiculopathic pain into legs, leg weakness; chronic in nature and severe." (*Id.*) The opinion identifies clinical findings and objective signs of "[l]eft leg weakness 3/5 compared to right, diffuse and severe muscle spasms" and an "MRI demonstrating lumbar degeneration." (*Id.*) The opinion also states that "[t]reatment with pain management [is] only modestly effective" and Plaintiff's impairments can be expected to last at least twelve months. (*Id.*) Dr. Reina and N.P. Skokan opined that Plaintiff's impairments cause certain limitations, including that Plaintiff can only stand or walk "[l]ess than 2 hours in an 8-hour workday" and can only sit "[l]ess than 6 hours in an 8-hour workday." (A.R. 13). The opinion states that Plaintiff's degenerative disc disease and herniation impairments require that Plaintiff perform a job that permits shifting positions at will from sitting, standing or walking.

(*Id.*) Further, Plaintiff will "most likely" need to rest "one [time] per 1-2 hours" before returning to work and Plaintiff's impairments would cause her to be absent from work "more than three times a month" and "more likely weekly or daily." (*Id.*) Dr. Reina and N.P. Skokan opined that Plaintiff's postural functioning is limited to only occasional bending, and that Plaintiff could never perform any climbing, crouching, balancing, kneeling or crawling. (A.R. 14). As for manipulative limitation, Plaintiff could occasionally perform reaching, handling, and fingering. (*Id.*) The opinion states the basis for these manipulative limitations is "significant degenerative disc disease lumbar spine seen on MRI." (*Id.*) Plaintiff is also limited in her visual and communicative functions because it is "hard for [Plaintiff] to perform cognitive tasks due to chronic pain." (*Id.*) Finally, in describing the environmental limitations affecting Plaintiff's ability to work at a regular job (such as the need to avoid temperature extremes, noise, dust, etc.), the opinion states that "[j]ust about any environment will affect [Plaintiff] because of extent of lumbar degeneration and herniation." (*Id.*)

Plaintiff argues the new evidence is relevant to the period at issue because the low back pain and spinal impairment described in the new medical opinion "did not suddenly appear after the ALJ made his determination on August 25, 2022, but has existed throughout the relevant period at issue." (ECF No. 13, p. 10) (citing A.R. 486, 1205). Plaintiff argues the ALJ failed to consider these impairments in any capacity at Step 2. (*Id.*)

The Commissioner does not address whether the ALJ erred at Step Two or whether that error is harmless. Instead, the Commissioner argues that the new medical opinion is not relevant to the period at issue because the record does not indicate Plaintiff was ever treated by Dr. Reina during the relevant period, even though the new medical opinion is signed by Dr. Reina. (ECF No. 16, p. 7) (citing A.R. 12). The Commissioner also notes that Plaintiff began treatment with N.P. Skokan in June 2022. (*Id.*, p. 7). Further, the Commissioner argues that Plaintiff never complained of a back issue at any visit with N.P. Skokan and that the new medical opinion (dated September 2022) is inconsistent with N.P. Skokan's June 2022 treatment notes, which document conservative treatment and Plaintiff's moderate spinal pain with motion on exam. (*Id.*) (citing A.R. 1205-07).

Although the new medical opinion is post-dated after the ALJ's decision, the Court does

not find this determinative to the issue of whether the new medical opinion is relevant to the period at issue. The Appeal Council's decision denying Plaintiff's request for review was based on the fact that the medical opinion post-dated the period of disability, and thus, was not relevant to whether Plaintiff was disabled prior to August 25, 2022. (A.R. 2) ("You submitted records from Andrew Skokan, FNP and Robert Reina, MD dated September 28, 2022 (4 pages). The Administrative Law Judge decided your case through August 25, 2022. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 25, 2022."). Although the opinion is dated approximately one month after the period of disability at issue in the ALJ's decision, it concerns ongoing conditions, i.e., degenerative disc disease in Plaintiff's lumbar spine, herniation, and neural foramen impingement, which symptoms include spine pain, radiculopathic pain into legs, and leg weakness. (A.R. 12). Moreover, the record indicates that Plaintiff experienced decreased range of motion in her spine, as well as pain in her back during the relevant period. (A.R. 129 (May 7, 2021 physical examination notes "lumbar facet paraspinal tenderness" and "limited range of motion of lumbar spine"); A.R. 130 (June 2, 2021 treatment notes state that Plaintiff reports "[t]horacolumbar pain- sitting long exacerbates pain."); A.R. 130 (Plaintiff complained of back pain during June 18, 2021 physical); A.R. 722 (April 26, 2021 physical examination notes: "Palpation of the lumbar facet reveals paraspinal tenderness to palpation on both sides at lumbar facets reported per patient. Noted on Extension of lumbar spine is limited ROM—moderate. There is pain noted with lumbar extension."); A.R. 1098 (October 13, 2021 physical examination notes: "Palpation of the lumbar facet reveals paraspinal tenderness to palpation on both sides at lumbar facets reported per patient. Noted on Extension of lumbar spine is Limited ROM-moderate. There is pain noted with lumbar extension.").

Because the new opinion concerns chronic impairments with symptoms that Plaintiff experienced during the relevant period, the Court finds that the ALJ's opinion is not supported by substantial evidence for failing to consider Plaintiff's degenerative disc disease, lumbar spine herniation, and neural foramen impingement.

If a claimant has a medically determinable impairment (MDI), the ALJ must determine "whether [the] impairment(s) is severe," which is referred to as Step Two. 20 C.F.R. § 404.1521.

A "severe" impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The "ability to do basic work activities," in turn, is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

The Ninth Circuit has provided the following guidance regarding whether medically determinable impairments are severe under Step Two:

> An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." [*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)] (internal quotation marks omitted) (emphasis added); *see Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988). The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." S.S.R. No. 85–28 (1985). Step two, then, is a "de minimis screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28. Thus, applying our normal standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments. *See also Yuckert*, 841 F.2d at 306 ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.").

*Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 686.

The ALJ did not discuss any spinal or back condition at Step Two. Nor did the ALJ discuss Plaintiff's degenerative disc disease, disc herniation or neural foramen impingement. Accordingly, the medical evidence Plaintiff presented to the Appeals Council after the ALJ issued his decision undermines the ALJ's Step Two finding. (A.R. 35). By failing to address Plaintiff's degenerative disc disease, disc herniation or neural foramen impingement at Step Two, or provide any reasons for not finding these impairments to be severe at Step Two, the ALJ erred. Moreover, this error is not harmless as the ALJ did not specify any limitations in the RFC related to Plaintiff's degenerative disc disease, disc herniation or neural foramen impingement.

The Commissioner argues that the conclusions of other medical opinions on record

"contradict the extreme limitations" assessed by N.P. Skokan and that the September 2022 medical opinion is not supported by or consistent with N.P. Skokan's own June 2022 treatment notes. (ECF No. 16, p. 7) However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Accordingly, remand for further proceedings is warranted to address what, if any, additional limitations should be added to the RFC regarding Plaintiff's degenerative disc disease, disc herniation or neural foramen impingement, and whether any change to the RFC affects the ALJ's ultimate decision regarding disability.[1]

## II.    CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is REMANDED. On remand, the ALJ should address what, if any, additional limitations should be added to the RFC regarding Plaintiff's degenerative disc disease, disc herniation or neural foramen impingement, and whether any change to the RFC affects the ALJ's ultimate decision regarding disability. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:  **November 17, 2023**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] In light of this finding, the Court does not address Plaintiff's other arguments regarding the ALJ's evaluation of Plaintiff's subjective symptom testimony.